UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DR. TERRY LEE LAFLEUR, IN HIS OFFICIAL CAPACITY AS CANDIDATE FOR GOVERNOR OF SOUTH DAKOTA,<br><br>Plaintiff,<br><br>vs.<br><br>SHANTEL KREBS, IN HER OFFICIAL CAPACITY AS SECRETARY OF STATE FOR SOUTH DAKOTA; DAN LEDERMAN, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE REPUBLICAN PARTY OF SOUTH DAKOTA; LORA HUBBEL, JOINTLY AND SEVERELY; GORDON HOWIE, JOINTLY AND SEVERELY; JOEL BERGAN, JOINTLY AND SEVERELY; MARILEE ROOSE, JOINTLY AND SEVERELY; FRANK FLUCKIGER, JOINTLY AND SEVERELY; AND MATT JOHNSON, JOINTLY AND SEVERELY,<br><br>Defendants. | 4:18-CV-04125-RAL<br><br>OPINION AND ORDER ON PENDING MOTIONS |

On September 26, 2018, Plaintiff Dr.[1] Terry Lee LaFleur, in his official capacity as Candidate for Governor of South Dakota (LaFleur), filed a Complaint against the South Dakota Secretary of State Shantel Krebs (Krebs), the Chairman of the Republican Party Dan Lederman (Lederman), and four individuals who are or have been members of the Constitution Party of South Dakota, as well as two others affiliated with the National Constitution Party. Doc. 1. LaFleur

---

[1] LaFleur has a juris doctorate degree but is not a practicing attorney.

1

contends that the Defendants engaged in a conspiracy to hijack the Constitution Party of South Dakota and to deprive him of a spot on the 2018 South Dakota general election ballot as the Constitution Party candidate for Governor. LaFleur alleges that the Defendants violated his civil rights, in part "because they all knew or should have known [LaFleur] was disabled . . . . [with] cognitive and physical disabilities . . . recognized by the Social Security Administration." Doc. 1 at ¶ 25. LaFleur participated in a South Dakota state court proceeding initiated by Lederman on behalf of the South Dakota Republican Party to keep all Constitution Party candidates off the South Dakota ballot, objected and maintained that he was the rightful Constitution Party candidate for governor, lost in state court, and appealed to the Supreme Court of South Dakota. Doc. 1 at ¶¶ 33–36. With his Complaint on September 26, 2018, LaFleur filed a Motion to Proceed in Forma Pauperis, Doc. 3, disclosing his net monthly Social Security Disability income of $1,080.00 and that his debts exceed his income.

When LaFleur filed his Complaint, he was aware that this Court had a closely related case styled <u>G. Matt Johnson and Lora Hubbel v. Shantel Krebs in her official capacity as Secretary of State for the State of South Dakota</u>, 18-CV-4108-RAL, and had a hearing on requested injunctive relief set for September 27, 2018. In that case, Hubbel sought a court order to compel Krebs to have Hubbel on the ballot as the Constitution Party candidate for South Dakota governor. LaFleur claims that he, and not Hubbel, is the rightful gubernatorial candidate for the Constitution Party of South Dakota, and a state court judge ruled that neither satisfied requirements to be on the ballot. LaFleur filed a motion to intervene in 18-CV-4108-RAL, Doc. 31, which this Court granted. This Court then held a motion hearing on September 27, 2018, in which LaFleur, Krebs, Hubbel, and Johnson participated, which centered on the circumstances alleged in LaFleur's complaint, 18-CV-

2

4108-RAL, Doc. 32. This Court then issued an Opinion and Order Denying Preliminary Injunctive Relief on October 1, 2018, 18-CV-4108-RAL, Doc. 33.

After the September 27 hearing but before the written decision, LaFleur filed a Motion for Recusal, 18-CV-4125-RAL, Doc. 6, focused on a comment by the Court to the effect that LaFleur "might have to pay" the filing fee in his case. The comment came after the Court inquired early in the hearing about what doctorate degree LaFleur had, and LaFleur disclosed that he held a juris doctorate degree. LaFleur contends that the Court has prejudged his IFP motion and might punish LaFleur for intervening in 18-CR-4108-RAL (which the Court permitted LaFleur to do). LaFleur then filed a Motion for Court to Appoint Counsel. Doc. 8. There are three pending motions, which this Court addresses in turn.

First, LaFleur filed a Motion to Proceed in Forma Pauperis, Doc. 3, representing that he is disabled, draws a monthly net income of $1,080.00 in Social Security Disability payments, has debts that exceed his income and does not have resources to pay the filing fee or service of process costs. Under 28 U.S.C. § 1915(a)(1), this Court "may authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets [that person] possesses [and] that the person is unable to pay such fees." LaFleur did not file an affidavit or disclose all assets but did file a statement representing that he is unable to pay the filing fee and disclosing his monthly income. "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the trial court's discretion. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). LaFleur appears to qualify to proceed in forma pauperis, notwithstanding the absence of an affidavit listing assets under § 1915(a)(1).

The Clerk of Court is to send LaFleur a form by which he can disclose assets, but this Court will consider the disclosure simply to determine if LaFleur should be made to pay no filing fee, a partial filing fee, or a filing fee in installments. His IFP motion at this time is granted.

LaFleur's motion for recusal, Doc. 6, is based on a statement that this Court made during the September 27 hearing, after having learned that LaFleur has a juris doctorate degree, to the effect that LaFleur might have to pay some filing fee. LaFleur feared that this Court would deny his motion to proceed in forma pauperis and thus sought recusal. The standard for recusal is that a "judge must recuse from 'any proceeding in which [the judge's] impartiality might reasonably be questioned.'" United States v. Melton, 738 F.3d 903, 905 (8th Cir. 2013) (alteration in original) (quoting 28 U.S.C. § 455(a)). The standard is an objective one, in which the question posed is "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." Id. at 905 (quoting Moran v. Clarke, 296 F.3d 638, 648 (8th Cir. 2002) (en banc)). In practice, the standard requires a showing that "the judge had a disposition so extreme as to display clear inability to render fair judgment." Id. (citation and internal marks omitted). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003) (citation omitted). LaFleur has not met this burden. LaFleur's fear of this Court not granting his motion to proceed in forma pauperis has not materialized, and LaFleur has come forward with no other adequate rationale to justify recusal.

LaFleur's last motion seeks court appointment of counsel. A civil litigant has no automatic right to court appointed counsel. Slaughter v. City of Maplewood, 731 F.2d 587, 590 (8th Cir. 1984). The decision to appoint counsel is left to the broad discretion of the Court. Id. at 589. In

evaluating requests for court-appointed counsel, courts typically consider the plaintiff's financial resources, the plaintiff's efforts to secure private counsel, and the merits of the case. Id. at 590. A court also should consider the legal and factual complexity of the case, the plaintiff's ability to present his claims and whether the appointment of counsel will assist both the party and the court in hearing the case. In re Lane, 801 F.2d 1040, 1043–44 (8th Cir. 1986). Here, LaFleur has limited financial resources but has not shown "what can be considered a reasonably diligent effort under the circumstances to obtain counsel." Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1319 (9th Cir. 1981); see also Jenkins v. Chemical Bank, 721 F.2d 876, 880 (2d Cir. 1983). There is some legal and factual complexity to the case, but LaFleur was able to present his side of the case well in his Complaint and at the September 27 hearing. LaFleur himself has a law degree, although he evidently is not a practicing lawyer. Weighing these factors, this Court declines to appoint an attorney to represent LaFleur.

The decision to grant in forma pauperis status under § 1915 requires this Court then to screen the complaint. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); see 28 U.S.C. § 1915(e)(2)(B). This Court believes it proper to take judicial notice of the hearing conducted in September of 2018 in which LaFleur participated as well as judicial notice of the filings in the closely related case in which LaFleur intervened.[2] Under Rule 201(c)(1) of the Federal Rules of Evidence, this Court can take judicial notice on its own, and under Rule 201(d) the Court may do so at any stage of a proceeding. Under 201(e), a party is entitled to be heard on the propriety of the Court taking judicial notice, so this Court will defer screening and allow

---

[2] The Court would not consider allegations in filings in 18-CV-4108-RAL for the truth of the matters asserted in screening the Complaint in this case. Judicial notice would aid in providing a more robust record and greater detail as to LaFleur's position and argument based on his intervention and participation in the hearing on September 27.

LaFleur to respond as to his position on the Court taking judicial notice of the filings and the hearing in 18-CV-4108-RAL.

Therefore, it is hereby

ORDERED that LaFleur's Motion to Proceed in Forma Pauperis, Doc. 3, is granted but LaFleur is directed to complete and file the affidavit under § 1915 to disclose assets within 21 days of this order, and the Clerk of Court is directed to send LaFleur the form to do so. It is further

ORDERED that LaFleur's Motion for Recusal, Doc. 6, is denied. It is further

ORDERED that LaFleur's Motion for the Court to Appoint Counsel, Doc. 8, is denied. It is finally

ORDERED that LaFleur is to file with this Court within 21 days of the date of this order a concise pleading indicating his position with respect to this Court taking judicial notice under Federal Rule of Evidence 201 of all filings in the closely related case of 18-CV-4108-RAL, in which LaFleur has intervened.

DATED this 2nd day of November, 2018.

BY THE COURT:

*Roberto A. Lange*
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE