UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DR. TERRY LEE LAFLEUR, IN HIS OFFICIAL CAPACITY AS CANDIDATE FOR GOVERNOR OF SOUTH DAKOTA,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN BARNETT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE FOR SOUTH DAKOTA; DAN LEDERMAN, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE REPUBLICAN PARTY OF SOUTH DAKOTA; LORA HUBBEL, JOINTLY AND SEVERELY; GORDON HOWIE, JOINTLY AND SEVERELY; JOEL BERGAN, JOINTLY AND SEVERELY; MARILEE ROOSE, JOINTLY AND SEVERELY; FRANK FLUCKIGER, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE NATIONAL CONSTITUTION PARTY; MATT JOHNSON, JOINTLY AND SEVERELY,<br><br>Defendants. | 4:18-CV-04125-RAL<br><br><br>ORDER DIRECTING CESSATION OF SERVICE, TAKING JUDICIAL NOTICE OF 18-CV-4108 AND TO SHOW CAUSE WHY JUDGMENT OF DISMISSAL SHOULD NOT ENTER |

On November 2, 2018, this Court filed an Opinion and Order on Pending Motions in this case, which referenced Plaintiff Terry Lee LaFleur (LaFleur) having intervened as a party plaintiff in the closely related case of 18-CV-4108-RAL. Doc. 9. LaFleur participated in a hearing in 18-CV-4108-RAL on September 27, 2018, and has filed various pleadings in that case since. In the November 2 order in this case, this Court, among other things, ordered LaFleur "to file with this Court within 21 days of the date of this Order a concise pleading indicating his position with

1

respect to this Court taking judicial notice under Federal Rule of Evidence 201 of all filings in the closely related case of 18-CV-4108-RAL, in which LaFleur has intervened." Doc. 9. LaFleur's response, Doc. 11, filed more than 21 days later, perhaps misapprehends what case 18-CV-4108-RAL is or confuses it with the separate state court case in which LaFleur participated prior to cases filed in this Court. LaFleur's response refers to "the Circuit Court," which is the name of the state trial court, rather than to the district court. Doc. 11. LaFleur has a juris doctorate degree, though he is not presently a practicing attorney, so he should know the difference between the South Dakota circuit court (where he litigated a closely related case) and this federal district court (where he intervened in a closely related case and started this case). LaFleur in his response seems to think that no decisions in 18-CV-4108-RAL are binding on him, even though he intervened and has filed multiple motions in that case. Because LaFleur has provided no good reason not to do so, this Court takes judicial notice under Rule 201 for purposes of this case of the pleadings in 18-CV-4108-RAL, the closely related case in which LaFleur intervened.

In reviewing pleadings in 18-CV-4108-RAL this week to rule on LaFleur's pending motions in that case, this Court came across Doc. 38-5, which is the Supreme Court of South Dakota's dismissal of LaFleur's appeal of the state court ruling denying him or any Constitution Party of South Dakota (CPSD) member a place on the 2018 South Dakota general election ballot. Both this case and 18-CV-4108-RAL center on whether LaFleur or Lora Hubbel or neither should have been listed as a CPSD candidate for governor on the 2018 South Dakota ballot. In a prior Opinion and Order Denying Preliminary Injunctive Relief to LaFleur as intervenor and to G. Matt Johnson and Hubbel as plaintiffs in 18-CV-4108-RAL, this Court explained:

> The third <u>Dataphase</u> factor is the probability of success on the merits. Johnson, Hubbel, and LaFleur appear to have little likelihood of success on the merits based on the present record. To challenge not being included on an election ballot, a plaintiff must have standing; "if a plaintiff is required to meet a

2

precondition or follow a certain procedure to engage in an activity or enjoy a benefit and fails to attempt to do so, that plaintiff lacks standing to sue because he or she should have at least taken steps to attempt to satisfy the precondition." Constitution Party of S.D. v. Nelson, 730 F. Supp. 2d 992, 998–99 (D.S.D. 2010), aff'd in part 639 F.3d 417 (8th Cir. 2011) (quoting Pucket v. Hot Springs Sch. Dist., 526 F.3d 1151, 1161 (8th Cir. 2008)); see also, Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (requiring standing to sue in federal case). In Nelson, for instance, this Court determined that certain CPSD candidates lacked standing by not complying with South Dakota statutes regarding collecting signatures on their petitions, and the Eighth Circuit on appeal took an even more restrictive view of standing in determining that none of the CPSD candidates who were plaintiffs in the case had standing due to their non-compliance with South Dakota statutes. Either Hubbel or LaFleur or both failed to comply with the requisite statutory preconditions for ballot access and thereby lack standing; there is no way the CPSD can have two candidates for governor on the same general election ballot so one if not both failed to comply with the preconditions for ballot access. If Judge DeVaney [the state circuit court judge] is correct in her determination that neither of the CPSD slate of candidates was in compliance with the statutory preconditions to be on the November 2018 ballot, then Johnson, Hubbel, and LaFleur all lack standing.

[Then Defendant Secretary of State Shantel] Krebs raises two other arguments—application of the Rooker-Feldman doctrine and issue preclusion—as to why she is entitled to prevail in this case. "The Rooker-Feldman doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Four necessary elements for the Rooker-Feldman doctrine to apply are: "(1) the federal court plaintiff must have lost in state court, (2) the plaintiff must complain of injuries caused by a state court judgment, (3) the plaintiff must invite district court review and rejection of that judgment, and (4) the state court judgment must have been rendered before the district court proceedings commenced." Christ's Household of Faith v. Ramsey Cty., 618 F. Supp. 2d 1040, 1044 (D. Minn. 2009); see Exxon Mobil, 544 U.S. at 284. Here the last three elements appear to be met with regard to Johnson, Hubbel, and LaFleur. However, as to the first element, neither Johnson nor Hubbel were parties to the state court case. The Rooker-Feldman doctrine generally does not bar claims unless the federal court plaintiff was a litigant in the prior state court case. Lance v. Dennis, 546 U.S. 459, 465–66 (2006). By contrast with Johnson and Hubbel, LaFleur was a party to the state court case, intervening in the case, appearing personally at the seminal hearing on August 16, and now appealing from the order entered in that case. Doc. 25-6. Yet it could be premature to apply the Rooker-Feldman doctrine to even LaFleur's claim because the doctrine generally does not apply unless the state court case has ended, and LaFleur is appealing the state court ruling. Dornheim v. Sholes, 430 F.3d 919, 923–24 (8th Cir. 2005). The Rooker-Feldman doctrine may bar LaFleur's claim depending on the outcome of his appeal, but does not bar Johnson or Hubbel's claims.

> Krebs next argues that issue preclusion bars these claims. A federal court "must give to a state-court judgment the same preclusive effect as would be given that judgment under the laws of the State in which the judgment was rendered." In re Athens/Alpha Gas Corp., 715 F.3d 230, 235 (8th Cir. 2013) (quoting Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); see also 28 U.S.C. § 1738 (full faith and credit statute regarding state court judgments). Judge DeVaney has entered orders enjoining Krebs from having CPSD candidates on the 2018 general election ballot and evidently explained her decision during the August 16, 2018 hearing. No transcript of that hearing exists, so this Court does not have a full understanding of Judge DeVaney's reasoning or rulings, although she evidently found that neither faction of the CPSD had satisfied South Dakota law for ballot access through party convention vote. This Court of course does not sit as the appellate court to the Sixth Judicial Circuit to review and either affirm or reverse what Judge DeVaney has decided. Indeed, it would be unseemly under the federalism system of this country for a federal district court to do so, and principles of issue preclusion, full faith and credit, and comity generally result in deference to state court rulings, particularly on issues of interpretation and application of state statutes. See generally Simmons v. O'Brien, 77 F.3d 1093, 1095–96 (8th Cir. 1996). Johnson, Hubbel, and LaFleur have made no argument about any particular statute being unconstitutional to result in their exclusion from the ballot.
>
> Another obstacle Johnson, Hubbel, and LaFleur face to prevailing on the merits is that resolution of which CPSD faction's candidates belong on the ballot presents a nonjusticiable question involving the internal management of a political party. The Supreme Court of the United States has recognized that a dispute over political party governance generally "is not for the courts to mediate" absent some issue of constitutional dimension. Democratic Party v. Wisconsin, 450 U.S. 107, 123–24 & n.25 (1981); see also Reform Party of Minn. v. Reform Party of U.S., No. 99 Civ. 2052 DDA/FLN, 1999 WL 1285798, at *2 (D. Minn. Dec. 29, 1999). To grant Johnson and Hubbel, or alternatively LaFleur, an injunction or declaration of rightful entitlement to being listed as candidates on the 2018 South Dakota general election ballot necessarily would require this Court to adjudicate which CPSD faction rightfully nominated candidates, which typically is the sort of questions deemed "not for the courts to mediate." Democratic Party, 450 U.S. at 123. In short, at this point the likelihood of Johnson, Hubbel, or LaFleur succeeding on the merits appears remote.

18-CV-4108-RAL, Doc. 33 at 15–18.

The Supreme Court of South Dakota having affirmed Judge DeVaney's decision appears to make the Rooker-Feldman doctrine apply to bar LaFleur's claim that anyone wronged him by denying him a spot on the 2018 general election ballot as CPSD's gubernatorial candidate. While LaFleur has progressively added more claims to his complaint in this case, his causes of action all

4

stem from his contention that he was wrongfully denied his allegedly rightful position on the 2018 ballot as the CPSD's governor candidate. Thus, this Court in light of the Supreme Court of South Dakota's affirmance of the state court ruling against LaFleur likely should have screened this case for dismissal. Therefore, it is hereby

ORDERED that this Court takes judicial notice of the pleadings in the closely related case of 18-CV-4108-RAL in which LaFleur has intervened to press similar claims and issues. It is further

ORDERED that the United States Marshal Service is directed to refrain from serving LaFleur's complaint on any other defendant named and that the Clerk of Court mail to all defendants a copy of this Order at the addresses listed at Doc. 18, page 10. It is finally

ORDERED that LaFleur on or before February 25, 2019, file a pleading to explain why and how his claims could survive the Rooker-Feldman doctrine, issue preclusion, and non-justiciability concerns as explained by this Court in 18-CV-4108-RAL, Doc. 33.

DATED this 29th day of January, 2019.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE